HOPKINS, J.T.C.
This matter involves plaintiff-taxpayer’s motion and defendant’s cross motion for summary judgment on the issue of whether plaintiff-taxpayer was required to file two short-term Corporation Business Tax Act (CBTA) returns for the taxable period March 12, 1987 through September 26, 1987. The parties have agreed that there is no dispute on the facts necessary to decide the issue.
Director denied a claim for refund of CBTA taxes after taxpayer filed an amended return covering its claimed tax year of March 12, 1987 to September 26, 1987, under circumstances where taxpayer had previously filed two separate short-term CBTA returns covering the same period. Two returns would be consistent with the procedure required by federal regulations for a subsidiary corporation which had been, for the earlier part of its tax year, a member of a consolidated group for Internal Revenue Service (IRS) federal tax return purposes. The CBTA does not permit the filing of consolidated returns.
The facts show that prior to March 1987, Continental Baking Corp. (Continental) produced and sold baked goods under the name of “Drake’s.” Continental, a subsidiary of RalstonPurina Co. (Ralston), had filed its federal tax return on a consolidated basis with Ralston. In contemplation of a sale of the Drake’s division, Continental incorporated taxpayer as a Delaware corporation on January 29, 1987. On or about March 12, 1987, the assets of Continental’s Drake’s division were transferred to taxpayer in a transaction pursuant to which taxpayer ceased being a subsidiary of Continental and instead, became a subsidiary of Bakery Holding Co., another Ralston subsidiary. Taxpayer also qualified to do business in the State of New Jersey on March 12, 1987.
*174 Since Ralston was filing its federal income tax return on a consolidated basis with its subsidiaries, taxpayer was required to file its federal return as part of the consolidated group. Although Ralston was filing on a fiscal year basis ending on September 30, taxpayer, with consent of the IRS, adopted a 52-53 week accounting period ending on the Saturday closest to September 30. On or about April 28, 1987, taxpayer notified the Director of its accounting period, pursuant to N.J.A.C. 18:7— 2.4.
On August 23, 1987, Ralston caused the stock of taxpayer to be sold to Drake Acquisitions Corporation (DAC), a corporation wholly owned by Rock Capital Partners, an investment partnership. DAC was then immediately merged into taxpayer on August 24, 1987. After the sale of taxpayer’s stock, taxpayer could no longer be included in the consolidated federal income tax return filed by Ralston. However, taxpayer, unless authorized by the IRS, was required to retain its annual accounting period of 52-53 weeks, ending on the Saturday closest to September 30. Since August 23,1988, taxpayer has continually filed a separate federal tax return for the 52-53 week fiscal year.
Pursuant to Treasury Regulation § 1.1502-76(b)(l), a consolidated return filed by a common parent for its taxable year must include the income of each subsidiary for the portion of such taxable year during which the subsidiary was a member of the group. Further, subsection (2) of that regulation requires that the former subsidiary’s income for the period subsequent to its separation and up to the end of its taxable year must be reported on a separate return. Accordingly, taxpayer was required to apportion its annual accounting period between the time that it was a member of the consolidated group and the time following such separation until the end of its taxable year, on September 26, 1987. The income earned from the date of its creation, March 12, 1987, through August 22, 1987, was reported as part of the Ralston consolidated federal tax return. The income earned from August 23, 1987, through September 26, *175 1987, the end of taxpayer’s first tax year, was reported on a separate federal income tax return.
On July 6, 1988, pursuant to an approved extension of time for filing, taxpayer filed two separate CBTA returns. For the period March 12, 1987 to August 22, 1987, taxpayer’s CBTA return allocated a profit of $2,905,761 to New Jersey and a CBTA liability of $261,518. For the period August 23, 1987 to September 26, 1987, plaintiff’s CBT return allocated a negative net income of $1,003,389 and a CBTA New Jersey liability of $50. On May 2, 1989, taxpayer filed an amended CBTA return for its fiscal year ending September 26, 1987, which combined the information found on its original two short-term returns, and reported a net taxable income of $1,810,133 allocated to New Jersey, with a CBTA liability of $162,912. It requested a refund of $99,514. This is the claimed refund denied by the Director on the basis that the filing of the two returns was proper because two federal returns were required to be filed.
At no time during the fiscal year ending on September 26, 1987, did taxpayer change its annual accounting period.
Taxpayer’s position is that the CBTA specifically prohibits the filing of consolidated returns, and as such, requires taxpayers who file consolidated federal returns to complete their CBTA returns as if they had filed their federal returns on an individual basis. It therefore asserts that the CBTA requires it to file only one return for its first tax accounting period and that the required IRS division of its accounting period, resulting from its separation from the consolidated group, is limited to the application of the federal consolidated return regulations and should have no impact upon the annual accounting period for CBTA purposes. Director relies upon a policy statement issued in the New Jersey State Tax News (June-July 1974), in support of the position being taken in this case. Further, it is alleged that administrative convenience supports the requirement that CBTA returns coincide with those filed with the IRS.
Every domestic or foreign corporation which is not exempted shall pay an annual franchise tax for the privilege of having or exercising its corporate franchise in New Jersey. N.J.S.A. 54:10A-2.
*176 For the purposes of the CBTA, the amount of the taxpayer’s entire net income shall be deemed prima facie to be equal in amount to the taxable income, before net operating loss deduction and special deductions, which a taxpayer is generally required to report to the IRS for the purpose of computing its federal income tax. N.J.S.A. 54:10A-4(k). The Director is authorized to promulgate rules and regulations to carry out the purposes of the act. N.J.S.A. 54:10A-27. If the period covered by a CBTA return is other than that specified on the IRS return, or is a period of less than 12 calendar months, the Director may, under regulations prescribed by him, determine the entire net income of the taxpayer in such manner as shall properly reflect its entire net income for CBTA purposes. N.J.S.A. 54:10A-17(a).
Pursuant to statutory authority, the Director promulgated N.J.A.C. 18:7-11.5, which reads as follows:
(a) A taxpayer will not be permitted to change its accounting period for purposes of the Act unless it has first obtained the permission of the Commissioner of Internal Revenue for Federal Income tax purposes where permission is required under the Internal Revenue Code. A copy of such permission must be filed with the Division of Taxation.
(b) The taxpayer will also be required to file a short period return and remit the amount of its tax liability for the period from the close of its last accounting period for which a return was filed to the beginning of its newly authorized accounting period.
Consolidated returns by corporations and their subsidiaries are permitted by the federal government. I.R. C. § 1501. However, such practice is generally prohibited by the CBTA, as shown by N.J.A.C. 18:7-11.15, which reads as follows:
(a) Corporations are not permitted to file consolidated returns. Provided, however, any business conducted by an individual, partnership, or corporation or any other entity, or any combination thereof holding a license pursuant to the Casino Control Act shall file a consolidated corporation business tax return as described at N.J.A.C. 18:7-1.17.
(b) Except as provided in (a) above, where a taxpayer has filed a consolidated return with the Internal Revenue Service for Federal income tax purposes, it must complete its return under the act and must reflect its entire net income and entire net worth as if it had filed its Federal return on its own separate basis.
*177 The Director’s regulation on short-term returns, to the extent germane to this case, is stated in N.J.A.C. 18:7-12.1, and reads as follows:
(a) In general, every corporation must file a return for each fiscal or calendar accounting period or part thereof during which it has or had a taxable status in New Jersey. In certain cases, the taxpayer will be required to file a return covering an accounting period of less than 12 months. This may necessitate an adjustment of either or both entire net income and entire net worth.
(b) Some of the circumstances which require the filing of short period returns are:
1. A newly organized corporation whose first accounting period established for Federal income tax purposes is less than 12 months;
2. A foreign corporation which acquires a taxable status in New Jersey subsequent to the commencement of its Federal accounting period, and whose first New Jersey Corporation Business Tax return embraces a period less than the accounting period reported upon the Federal income tax purposes;
3. Corporations which dissolve, merge, consolidate, withdraw, surrender or otherwise cease to have a taxable status in New Jersey prior to the close of a full twelve months accounting period;
4. A corporation which changes its accounting period.
IRC § 441(b) defines taxable years, for federal purposes, as the taxpayer’s “annual accounting” period, if it is a calendar or a fiscal year, or a period for which the return is made, if a return is made for a period of less than 12 months. Further, IRC § 443 provides that a short-term return is required when there is an approved change in the annual accounting period or the taxpayer would be in existence only part of what would otherwise be the taxable year.
In construing the CBTA, it is recognized that all provisions form a comprehensive plan for the imposition and collection of corporate business taxes, and they should be read together as a unitary and harmonious whole. American Tel. & Tel. v. Taxation Div. Director, 4 N.J.Tax 638, 648 (Tax Ct. 1982). Further, the CBTA reporting format is generally an adoption of the reporting provisions which had been in effect for federal income tax purposes. This is not only apparent from the similarity of provisions, but also from specific reference in N.J.A.C. 18:7-11.5, which denies permission to a taxpayer to change its accounting period for purposes of the CBTA, *178 unless permission has been received from the IRS for purposes of the federal income tax.
Applying the above statutory and regulatory provisions to the subject case requires a finding that the taxpayer was precluded from filing a consolidated return for CBTA purposes. During a portion of its accounting period, taxpayer was part of a consolidated group and was subject to the federal statutes and regulations, which required it to have its accounting period coincide with that of the parent. Thus, the consolidated group return would delete those intra-group transactions offsetting income. When the stock was sold, taxpayer could no longer participate in the consolidated return. However, federal law required it to divide its accounting period to reflect its proper share of the taxable revenue in the consolidated return for the period during which it was part of the group. That was necessary because the total income of the consolidated group could be adversely impacted by the elimination of one of its members without having intra-group adjustments reflected for that period. Accordingly, the apportionment was a necessary component of a consolidated return, a type of return not permitted by the CBTA.
The CBTA required the consolidated subsidiary to file an individual return which, while encompassing the period of time during which it was a member of the consolidated group, must still be an individual return without consideration to the offsetting entries included in the federal consolidated return. The required annual return of the subject taxpayer, absent the consolidation features required by the federal government, would be its income as reflected in its taxable year. That taxable year was not changed by taxpayer when it became subject to the federal apportionment requirement upon separation from the consolidated group. To require it to file short-period returns, when its accounting period was not being changed, and because it was leaving a consolidated group for federal tax purposes, would be inconsistent with the specific provisions of the CBTA requiring corporations to file returns based upon their annual accounting periods.
*179 Director’s argument that the policy statement which had been issued in the June/July 1974 issue of the State Tax News supports its position in this matter is not convincing. The statement reads as follows:
Effect of Short Period Returns—Different fiscal year periods of corporations involved in the filing of consolidated returns require special treatment for Corporation Business Tax purposes. After the filing of a consolidated return with the Internal Revenue Service and the filing of short period returns with the Internal Revenue Service (required because of the consolidated return), the New Jersey Division of Taxation requires the filing of amended returns to conform with the short period return filed with the Internal Revenue Service.
The above was, at most, directed toward a corporation becoming part of a consolidated group, where its annual accounting period was required to be changed to accord with the consolidated group. In any event, it is a policy statement which does not rise to the level of a regulation. It should be noted that regulations on that subject, subsequently promulgated, do not support the Director’s interpretation of the policy statement.
The supplemental argument that the two short-term returns should be filed so that the Director’s staff would have less difficulty in comparing the two federal returns with the two CBTA returns, rather than with one CBTA return, is not of sufficient weight to justify an extension of the statute beyond that which is specifically stated. To do so would give credence to administrative convenience over the clear language of the statute. See International Flavors and Fragrances, Inc. v. Taxation Div. Director, 102 N.J. 210, 218, 507 A.2d 700 (1986), quoting from Fedders’ Fin. Corp. v. Taxation Div. Director, 96 N.J. 376, 392, 476 A.2d 741 (1985), where it was stated that “regulatory authority cannot go beyond the Legislature’s intent as expressed in the statute.”
A judgment granting the refund and statutory interest will be entered by the Clerk of the Tax Court.